CARL E. STEWART, Circuit Judge,
dissenting:
These cases present a straightforward question of statutory interpretation: whether Congress intended that all federal cocaine offenders immediately receive fair sentences, or whether Congress intended that a subset of federal cocaine offenders receive unfair sentences merely on the basis of the date and time of their underlying offenses. To conclude the latter is not only unfair, but inconsistent with all of the congressional deliberation that preceded the final passage of the Fair Sentencing Act. Moreover, the panel majority, and the circuits which support its view, unduly hinder the amelioration of a chronic injustice. For the following reasons, I dissent from the approach taken by the majority,
The Fair Sentencing Act of 2010 has increased the amount of crack cocaine involved in a federal drug offense that is necessary to trigger mandatory minimum penalties under 21 U.S.C. § 841. In United States v. Doggins, 633 F.3d 379 (5th Cir.2011), we held that the Fair Sentencing Act does not apply retroactively to persons sentenced prior to the Act’s enactment. The issue in these cases, which was left over from Doggins, is whether defendants whose cocaine offenses were committed prior to the enactment of the Act, but who were sentenced following the enactment of the Act, should receive reduced penalties pursuant to the Fair Sentencing Act’s revisions.
It is rare that Congress’s intent is as easily discernible as it is here. The ameliorative purpose of the Fair Sentencing Act is reflected most obviously in its name. Moreover, as expressed in its preamble, the Fair Sentencing Act’s explicit purpose is “[t]o restore fairness to Federal cocaine sentencing.” Underlying this purpose was Congress’s determination that the prior 100:1 sentencing ratio for crack cocaine offenses to powder cocaine offenses was fundamentally unfair. In addition to its other provisions, the Act granted emergency authority for the United States Sentencing Commission to revise the federal sentencing guidelines in accordance with the Act within 90 days.
“The necessary inference is that the will of Congress was for the FSA to halt unfair sentencing practices immediately.” United States v. Rojas, 645 F.3d 1234, 1240 (11th Cir.2011). As expressed by the district court in United States v. Whitfield, “[tjhis court is hesitant to impose a sentence that Congress has deemed unfair. Holding otherwise appears to this court as illogical.” No. 2:10-CR-13, 2010 WL 5387701, at *2 (N.D.Miss.2010). “That Congress wanted the new ‘fair’ sentences *216 to apply to everyone sentenced after the Fair Sentencing Act became law, not just to some, is the necessary implication of what it did.” United States v. Holcomb, No. 11-1558, 657 F.3d 445, 461, 2011 WL 3795170, at *17 (7th Cir.2011) (Williams, J., dissenting from denial of rehearing en banc).
In support of the conclusion that the Fair Sentencing Act should not apply to all federal cocaine offenders sentenced after its enactment, the majority relies on the general savings statute, 1 U.S.C. § 109. The Supreme Court, however, has explained that the savings statute “cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment.” Great N. Ry. Co. v. United States, 208 U.S. 452, 465, 28 S.Ct. 313, 52 L.Ed. 567 (1908).
All that can be said in favor of punishing under the old law defendants not yet sentenced when the new one took effect is that if Congress were omnicompetent it would, out of an abundance of caution, have “expressly” directed that sentences imposed after the new law went into effect would be subject to the guideline amendments that the new law ordained---- Such questionable thinking can lead to gratuitously silly results in particular cases — these cases, for example.
Holcomb, 657 F.3d at 463, 2011 WL 3795170, at *19 (Posner, J., dissenting from denial of rehearing en banc).
The will of Congress, as expressed in the Fair Sentencing Act’s substance, preamble, and title, will be disregarded by the courts’ continued imposition of severe penalties which Congress has explicitly determined to be unfair. Accordingly, I agree with a number of our sister circuits that the provisions of the Fair Sentencing Act apply to all federal cocaine offenders sentenced after the statute’s enactment, regardless of whether the underlying offense conduct occurred prior to the Act’s enactment. See United States v. Douglas, 644 F.3d 39 (1st Cir.2011); Rojas, 645 F.3d 1234 (11th Cir.2011); United States v. Dixon, 648 F.3d 195 (3d Cir.2011).
The majority opinion would continue to impose disproportionately harsh sentences of imprisonment on many crack cocaine offenders, despite Congress’s clear and obvious determination that such penalties are unfair. For this reason, I respectfully dissent.